IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLPITOAMOA TAPULOA,<br><br>      Petitioner,<br><br>   v.<br><br>FRANCISCO JACQUEZ, Warden,<br><br>      Respondent. | No. C 09-3867 WHA (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Pelican Bay State Prison in Crescent City, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. 2241(d).

## STATEMENT

Petitioner pled guilty to a charge of second-degree murder. The trial court sentenced him to a term of fifteen years to life in state prison, and imposed a restitution fine of $10,000. He filed unsuccessful habeas petitions in all three levels of the California courts.

## ANALYSIS

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

*v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

Petitioner raises the following claims in his petition: (1) his trial attorney has failed to provide him with transcripts from the trial court proceedings, preventing petitioner from filing any post-conviction challenge to the restitution fine; and (2) neither his attorney nor the trial court advised him that one of the possible consequences of his guilty plea would be a restitution fine up to $10,000, and had he known of this possibility, he would not have pled guilty.

These claims are sufficient to require a response.

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
2 court and serving it on respondent within thirty days of the date the answer is filed.

3    3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
4 in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
5 Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the
6 court and serve on respondent an opposition or statement of non-opposition within thirty days
7 of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
8 reply within fifteen days of the date any opposition is filed.

9    4. Petitioner is reminded that all communications with the court must be served on
10 respondent by mailing a true copy of the document to respondent's counsel. Petitioner must
11 keep the court informed of any change of address and must comply with the court's orders in a
12 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
13 pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
14 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November __30__, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28   HC.09\TAPULOA3867.OSC.wpd

3